UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rodolfo Daniel GOMEZ GOMEZ,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>Jeremy CASEY, et al.,<br><br>　　　　　　　　Respondents. | Case No.: 25-cv-3674-AGS-AHG<br><br>**ORDER REQUIRING RESPONSE** |

Petitioner Rodolfo Gomez Gomez, who is in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241 and moves for a temporary restraining order. (*See* ECF 1; ECF 2.)

As for his habeas petition, at this stage he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Gomez Gomez "grew up in El Salvador, where he experienced severe childhood sexual abuse and escalating gang violence." (ECF 1, at 17.) He "fled to the United States" in "2013," was placed in "standard [] removal proceedings," and has since "built a life in California." (*Id*. at 18.) On "November 25, 2025," while driving a route as a "truck driver," petitioner was "arrested" and "placed in custody." (*Id*. at 19.) An immigration judge denied Gomez Gomez bond, based on the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which held that IJs lack jurisdiction in cases like Gomez Gomez's. (*Id*.) He challenges the government's position that petitioner

1  is an "applicant for admission" who is "subject to mandatory detention" under "8 U.S.C.
2  § 1225." (*Id.* at 3.) He asserts that, because he crossed into the United States "in 2013," he
3  is not an applicant for admission, and the governing statute is thus not § 1225, but "8 U.S.C.
4  § 1226(a)," which would allow his release "on bond or conditional parole." (*Id.* at 3, 18–
5  20.) This statutory misclassification, he argues, renders his detention "unlawful." (*Id.* at 3.)

6      This challenge has sufficient potential merit to warrant a response. Functionally
7  identical cases across the country have been found to have a "likelihood of success on the
8  merits" or have resulted in the writ being issued. *See, e.g.*, *Barco Mercado v. Francis*,
9  ___ F. Supp. 3d ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26,
10 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners
11 "have prevailed, either on a preliminary or final basis," and these cases were "decided by
12 over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No.
13 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025)
14 ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a),
15 not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-
16 01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *Rodriguez
17 v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30,
18 2025) ("[T]he government's position belies the statutory text of the INA, canons of
19 statutory interpretation, legislative history, and longstanding agency practice.").

20     By **December 26, 2025**, respondent must answer the petition and respond to the
21 injunctive-relief motion. Any reply by petitioner must be filed by **January 2, 2026**. The
22 Court will hold oral arguments on the petition and injunctive-relief motion on **January 8,**
23 **2026**, at **3:00 p.m.**

24 Dated: December 19, 2025

_____
Hon. Andrew G. Schopler
United States District Judge